LOUISVILLE SOAP MANUFACTURING CO. *v.* WILLIAM A. RICHARDSON.

**Landlord and Tenant—Repairs.**

The landlord cannot be required to make repairs unless he has expressly agreed to do so.

APPEAL FROM JEFFERSON CIRCUIT COURT.

March 14, 1875.

OPINION BY JUDGE PRYOR:

Unless the landlord binds himself by an express agreement to that effect, the tenant, whether for life, for years, or at will, cannot compel him to repair. "The tenant takes the premises for better or for worse, and cannot involve the landlord in expense for repairs without his consent." Taylor's Landlord and Tenant 229.

"A lessor, as such, in the absence of some covenant or agreement to that effect, is not bound to make repairs on the premises, nor to compensate the lessee for repairs made by him." 1 Waterman on Real Property 325.

A tenant is bound for stipulated rents, though the premises should be destroyed by inevitable casualty. *Ridding v. Hall, et al.,* 1 Bibb 536.

The landlord is not bound to repair in any case except by force of an express agreement. 3 Duer. 464.

There is no covenant in this case on the part of the appellee to repair. The demurrer was properly sustained, as the answer presented no defense. Judgment *affirmed.*

*Young & Boyle, for appellant.*
*A. Barnett, for appellee.*